7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin M. BAKER, Defendant-Appellant.
 No. 92-6665.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1993.
 
 Before: KEITH, GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Benjamin M. Baker, by counsel, appeals the sentence imposed following his plea of guilty to one count of executing a scheme and artifice to defraud a financial institution and five counts of fraudulent use of an unauthorized access device. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Baker's sentence was determined in part by adding two levels to the base offense level pursuant to U.S.S.G. § 2F1.1(b)(3)(A). The enhancement was based on an undisputed allegation that Baker posed as an I.R.S. agent to discover the social security number and income information of the person in whose name Baker subsequently obtained four unauthorized credit cards. Baker objects to the enhancement on grounds that the person to whom the misrepresentation was made was not a victim of the crime.
 
 
 3
 Upon review, we conclude that the enhancement provision of § 2F1.1(b)(3)(A) was properly applied in this case. The misrepresentation for the purpose of gaining information that was later submitted in support of fraudulent credit card applications is sufficiently related to the offense of conviction to permit consideration as relevant conduct. Section 1B1.3(a)(2) of the Sentencing Guidelines provides that the district court may consider all acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction. United States v. Kappes, 936 F.2d 227, 229 (6th Cir.1991).
 
 
 4
 Baker's assertion that the misrepresentation was made to a person other than the victim of the offense is unavailing. The sentencing guidelines authorize a two level enhancement "[i]f the offense involved ... a misrepresentation that the defendant was acting on behalf of ... a government agency." U.S.S.G. § 2F1.1(b)(3)(A). Baker argues that the commentary to the guideline states, in part, that "defendants who exploit victims' ... trust in government create particular social harm." U.S.S.G. § 2F1.1, comment. (backg'd). The plain language of the section itself, however, does not limit application to cases of misrepresentations made to victims. Commentary that interprets or explains a guideline is not binding in those cases where "it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 113 S.Ct. 1913, 1915 (1993). A limitation of the enhancement guideline as proposed by Baker's reading of the commentary is inconsistent with the guideline. Because the offense involved a misrepresentation that the defendant was acting on behalf of a government agency, the enhancement provision applies.
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.